UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARSHALL BATES, | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 3389 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| JAMES HARDEN and NEUMANN FAMILY SERVICES, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Marshall Bates filed this *pro* se suit against several individuals and entities arising from the termination of his employment and other matters. Doc. 31. The court previously dismissed with prejudice the claims against several defendants. Docs. 15, 70. The two remaining defendants, James Harden and Neumann Family Services, move to dismiss the claims against them under Civil Rules 12(b)(5) and 12(b)(6). Doc. 87. With Bates present, the court stated on the record that it was disinclined to dismiss on Rule 12(b)(5) grounds and directed Bates to "respond only to the Rule 12(b)(6)" arguments. Doc. 94.

Bates filed two response briefs. The first, which was filed nine days late, addressed only the Rule 12(b)(5) issue—the issue that the court had made clear he need *not* address. Doc. 98. The second, filed fourteen days late and on the due date of Defendants' reply brief, gestures at the Rule 12(b)(6) issues but does not meet the substance of Defendants' arguments for dismissal on the merits. Doc. 100.

The fact that Bates was tardy in filing his briefs, standing alone, provides sufficient reason to disregard them. *See Raven v. Madison Area Tech. Coll.*, 443 F. App'x 210, 212 (7th Cir. 2011) ("Although we liberally construe pro se filings, we do not enlarge filings deadlines for

1

them.") (citation omitted); *Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 593 (7th Cir. 2008) ("[E]ven when the litigant is pro se, district courts are justified in enforcing deadlines … .") (collecting cases).  Moreover, by not addressing in any material way Defendants' merits arguments, Bates forfeited any counter-arguments he might have made and therefore his claims. *See Lee v. Ne. Illinois Reg'l Commuter R.R.*, 912 F.3d 1049, 1054 (7th Cir. 2019) ("[The forfeiture] rule applies when a party fails to develop arguments related to a discrete issue or when a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss."); *M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

In any event, Defendants' merits arguments are compelling.  *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("If [district courts] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.") (internal quotation marks omitted).  Despite alleging that Neumann is subject to state regulation and asserting in a conclusory manner that it is an "instrumentality" of the Illinois Department of Human Services, Doc. 31 at 1, the complaint does not plausibly allege that Defendants are state actors for purposes of the § 1983 claims.  *See Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1932 (2019) ("Put simply, being regulated by the State does not make one a state actor.") (collecting cases); *Babchuk v, Ind. Univ. Health, Inc.*, 809 F.3d 966, 971 (7th Cir. 2016) (holding that a defendant hospital could not be held liable under § 1983 where, even though some of the hospital's revenues "are siphoned off to the state university," the plaintiff did not show "that the State is *responsible* for the specific conduct of which the plaintiff complains") (internal quotation

marks omitted); *Miller v. Vohne Liche Kennels, Inc.*, 600 F. App'x 475, 477 (7th Cir. 2015) ("The fact that a 'private entity performs a function that serves the public does not transform its conduct into state action [under § 1983].'") (quoting *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996)).

As to the due process claim specifically, Bates does not allege that he was deprived of any property interest without due process. *See Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009) (noting that a discharged employee could not ground a due process claim on "a procedural guarantee" against termination because such "guarantees … do not establish a property interest protected under the Fourteenth Amendment's Due Process Clause"). As to the equal protection claim specifically, Bates does not allege mistreatment on account of his race, national origin, sex, or other protected characteristic, nor does he "negative any reasonably conceivable state of facts that could provide a rational basis" for his termination. *Miller v. City of Monona*, 784 F.3d 1113, 1121 (7th Cir. 2015) ("[E]ven at the pleadings stage, all it takes to defeat a class-of-one claim is a *conceivable* rational basis for the difference in treatment.") (alterations and internal quotation marks omitted). Finally, Bates does not come close to pleading the type of enterprise that could support a viable RICO claim. *See Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 655 (7th Cir. 2015) (explaining that pleading an "enterprise" under 18 U.S.C. § 1962(c) requires the plaintiff to allege a distinct "association-in-fact" that has "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purposes") (internal quotation marks omitted); *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 733 (7th Cir. 1998) (holding that pleading "a viable RICO conspiracy claim" requires more than "conclusory and vague allegations concerning the collective conduct of the 'defendants'").

For the foregoing reasons, Bates's federal claims are dismissed. The dismissal is with prejudice, as Bates has already amended his complaint twice, Docs. 10, 31, and does not request leave to amend or suggest how yet another amendment might cure the defects identified in the present motion to dismiss. *See Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2017) ("Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects. To the contrary, we have held that courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing."); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015) ("A district court acts within its discretion in … dismissing a complaint with prejudice … where the plaintiff fails to demonstrate how [an] amendment would cure the deficiencies in the prior complaint."). Given the dismissal of Bates's federal claims at the pleading stage, and because there is no diversity jurisdiction over his state law claims, the court relinquishes its supplemental jurisdiction over those state law claims. *See Hagan v. Quinn*, 867 F.3d 816, 830 (7th Cir. 2017) ("The usual practice in this circuit is for district courts to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.") (internal quotation marks omitted). Bates may re-file those claims in state court, subject of course to any applicable defenses.

August 2, 2019

_____
United States District Judge

4